MILLS BENNETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34240.   Promulgated June 30, 1930.

*Robert Ash, Esq.,* and *J. A. Phillips, C. P. A.,* for the petitioner.
*R. W. Wilson, Esq.,* for the respondent.

OPINION.

MARQUETTE: This proceeding presents the single issue of whether the petitioner, in computing his net income for 1922, is entitled to deduct as a debt ascertained to be worthless and charged off in the taxable year, the amount of $62,252.04 due him from the Bennett Petroleum Corporation. The record clearly establishes the existence of the debt and that the petitioner charged it off and deducted it on his return for 1922. The issue, therefore, turns on the question of whether the debt was in fact ascertained to be worthless.

The evidence shows that in 1922 the credit of the Bennett Petroleum Corporation was not good and that it did not have sufficient cash or other quick assets to pay its debts to the petitioner. But it had other assets of sufficient value which, so far as we are informed, could have been disposed of for an amount sufficient to satisfy the debt in question. However, the petitioner did not desire to enforce

collection for the reason that to do so would compel the Bennett Petroleum Corporation to dispose of its assets, in part at least, which the petitioner feared would eventually result in a loss to him on his stock of the Bennett Petroleum Corporation greater than the amount of the debt. While this course may have been expedient from the petitioner's business standpoint, it did not render the debt worthless. The petitioner's relations to the Bennett Petroleum Corporation were as a creditor and as a stockholder, and the rights of the former status were superior to the rights of the latter. As a creditor he was entitled to have the entire assets of the corporation subject to the payment of his claim before he could participate in these assets as a stockholder, and under these circumstances we are of the opinion that he should not be permitted to charge off as worthless and deduct from income his superior claim and retain the inferior one.

The petitioner has cited a number of cases, including *Carl C. Harris*, 19 B. T. A. 895. The facts in these cases are, however, easily distinguishable from the facts of this one and the decisions are not applicable here.

*Judgment will be entered for the respondent.*